**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT TREVINO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES GOMEZ, et al.,<br><br>　　　　　Defendants. | Case No.: 1:99-cv-06016-LJO-BAM (PC)<br><br>ORDER DENYING MOTION TO RECONSIDER ORDER DENYING MOTION TO AMEND OR REOPEN COMPLAINT<br><br>(ECF No. 60) |

## I.   Introduction

Plaintiff Robert Trevino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Previously in this case, the Court adopted findings and recommendations to grant the Defendants' motion for summary judgment for failure to exhaust administrative remedies, and the Clerk of Court entered judgment and closed the case. Over thirteen years later, Plaintiff filed a motion to amend or reopen the complaint, alleging acts of retaliation on various dates following the events underlying his original complaint. (ECF No. 57.) On October 26, 2015, the Court denied Plaintiff's motion to amend or reopen the closed action as untimely, and because it concerned new claims that needed to be brought in a new suit. (ECF No. 59.)

1

1  Currently before the Court is another motion by Plaintiff filed November 30, 2015, in which he
2  presents additional arguments in support of amending or reopening his complaint. (ECF No. 60.) The
3  Court construes Plaintiff's motion as a Federal Rule of Civil Procedure 60(b)(6) request for
4  reconsideration of the Court's October 26, 2015 order denying the same relief.

## II. Discussion

### A. Standard

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

### B. Analysis

In his motion, Plaintiff notes that his case was dismissed many years ago for failure to exhaust his administrative remedies, without prejudice. (ECF No. 60, p. 2.) He argues that he did not bring a motion for relief from that judgment at an earlier time because he "did not find out until last year [that] he could have re-opened his case after exhausting per Fed. R. Civ. Procedure Rule 60(b)." (Id.) To the extent that Plaintiff is arguing that he has now exhausted any of his previously unexhausted claims, his remedy is not to reopen this action. Instead, if he has now exhausted a previously unexhausted claim, "[t]he petitioner then would be able to file a new federal petition in a new action under a new docket number to present the exhausted claims." Brooks v. Williams, No. 2:10-CV-00045-GMN, 2013 WL 835973, at *2 (D. Nev. Mar. 6, 2013). Furthermore, "the dismissal of the prior unexhausted petition by a final judgment would remain final, as to that closed old action under the old docket number." Id. Thus, Plaintiff has presented no grounds to reopen this action under any provisions of Federal Rule of Civil Procedure 60(b).

Plaintiff also argues that the judgment dismissing his case should be set aside under Rule 60(d), because of fraud. (ECF No. 60, pp. 2-3.) He alleges that certain documents relevant to the

2

incidents underlying his dismissed action were "fraudulent and perjured reports." (Id. at p. 3.) These documents are not relevant to the finding that Plaintiff did not exhaust his administrative remedies prior to filing this action. Thus, Plaintiff's argument does not undermine this Court's order or judgment dismissing this action based on that finding. Plaintiff raises no grounds for relief under Rule 60(d).

### III.  Conclusion and Order

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for reconsideration of the previous order denying his request to amend or reopen this case (ECF No. 60) is DENIED.

IT IS SO ORDERED.

Dated:   **December 2, 2015**          /s/ Lawrence J. O'Neill
                                                      UNITED STATES DISTRICT JUDGE